IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL LEE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:04-cv-4021-DGW |
| ) | |
| AMTRAK NATIONAL RAILROAD ) | |
| PASSENGER CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the Motion for Summary Judgment filed by Defendant Canadian National/Illinois Central Railroad Company ("CN/IC") on August 9, 2006 (Doc. 57).[1] For the reasons set forth below, the motion is **GRANTED**.

In the instant motion, CN/IC asserts that Plaintiff Daniel Williams's ("Plaintiff") negligence claim is pre-empted by federal regulations and moves the Court to grant summary judgment in its favor. In support of this position, CN/IC avers that the Federal Railroad Safety Act of 1970 ("FRSA") contains an express pre-emption clause that supercedes state law covering subject matter already regulated by the Secretary of Transportation ("Secretary"). CN/IC also contends that, if pre-emption does not apply, Plaintiff has nonetheless failed to submit evidence sufficient for a jury to rely upon in ultimately finding that CN/IC negligently maintained its rail line. Plaintiff opposes summary judgment, arguing that no alleged compliance with federal regulations would excuse CN/IC of a breach of its common law duty to provide reasonably safe track for Amtrak to run its trains, and averring that the proposed testimony of passengers who experienced lurching while aboard the train would suffice in persuading a jury that CN/IC

---

[1] Neither the Motion for Summary Judgment nor this Order addresses the FELA claim against Amtrak National Railroad Corporation.

negligently maintained its railroad tracks.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Haefling v. United Parcel Service, Inc., 169 F.3d 494, 497 (7th Cir. 1999); Dempsey v. Atchison, Topeka and Santa Fe Railway Company, 16 F.3d 832, 836 (7th Cir. 1994).  The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 160 (1970); Miller v. Borden, Inc., 168 F.3d 308, 312 (7th Cir. 1999).  A fact is material if it is outcome determinative under applicable law.  Hardin v. S.C. Johnson & Son, Inc., 167 F.3d 340, 344 (7th Cir. 1999); Smith v. Severn, 29 F.3d 419, 427 (7th Cir. 1997); Estate of Stevens v. City of Green Bay, 105 F.3d 1169, 1173 (7th Cir. 1997).  Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts.  Plair v. E.J. Brach & Sons, Incorporated,105 F.3d 343, 346 (7th Cir. 1997); Lawshe v. Simpson, 16 F.3d 1475, 1478 (7th Cir. 1994).  Finally, summary judgment "will not be defeated simply because motive or intent are involved."  Roger v. Yellow Freight Systems, Inc., 21 F.3d 146, 148 (7th Cir. 1994).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there

> are any genuine factual issues that properly can be resolved only
> by a finder of fact because they may reasonably be resolved in
> favor of either party ... [T]his standard mirrors the standard for a
> directed verdict under Federal Rule of Civil Procedure 50(a),
> which is that the trial judge must direct a verdict if, under the
> governing law, there can be but one reasonable conclusion as to
> the verdict.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Celotex Corporation v. Catrett, 477 U.S. 317, 322-23 (1986); Haefling, 169 F.3d at 497-98; Sybron Transition Corporation v. Security Insurance Company of Hartford, 107 F.3d 1250, 1255 (7th Cir. 1997); Weinberger v. State of Wisconsin, 105 F.3d 1182, 1188 (7th Cir. 1997).

The FRSA's purpose is to "promote safety in every area of railroad operations and reduce railroad-related accidents and incidents." 49 U.S.C. § 20101 (1994). Pursuant to this purpose, the FRSA authorizes and directs the Secretary to "prescribe regulations and issue orders for every area of railroad safety supplementing laws and regulations[.]" Pre-emptive effect, 49 U.S.C. § 20103 (1994). In 1998, the Secretary adopted a rule restricting the ability of the States to adopt or continue in force laws that cover the same subject matter the FRSA covers. See 49 C.F.R. § 213.2 ("Under 49 U.S.C. 20106, issuance of these regulations pre-empts any State law, regulation, or order covering the same subject matter[.]").

At times prior to and subsequent to the Secretary's promulgation of rule 213.2, courts, including the U.S. Supreme Court, have consistently interpreted the provisions of the FRSA to direct federal pre-emption over state laws that address safety concerns covered by federal regulations already in force. See CSX Transp., Inc. v. Easterwood, 507 U.S. 658, 664 (1993) (ruling that, in determining whether pre-emption applies to a particular state law, the FRSA "directs the courts to determine whether regulations have been adopted that in fact cover the

[same] subject matter[.]"); see also Norfolk Southern Ry. Co. v. Shanklin, 529 U.S. 344, 352 (2000) ("[T]he FRSA's pre-emption provision dictates that, to pre-empt state law, the federal regulation must cover the same subject matter, and not merely touch upon or relate to that subject matter.") (internal quotation marks omitted); Thiele v. Norfolk & Western Ry. Co., 68 F.3d 179, 182 (7th Cir. 1995) ("FRSA ... regulations pre-empt state law, but it allows state law to continue in effect until the Secretary of Transportation prescribes a regulation or issues an order covering the subject matter."); In re Derailment Cases, 416 F.3d 787 (8th Cir. 2005) (deeming that pre-emption applied to a negligent inspection claim when the safety issues giving rise to that claim were addressed in federal regulations promulgated by the Secretary); Federal Ins. Co. v. Burlington Northern and Santa Fe Railway Co., 270 F.Supp.2d 1183, 1188 (C.D. Cal. 2003) ("The FRSA not only mandates the frequency and manner of inspecting the tracks to detect deviations, but it mandates who is qualified to perform these inspections. This is precisely the subject matter of [a negligent inspection claim]; thus, it is preempted.").

  In light of the case law provided above, this Court's task is to determine whether the Plaintiff's claim of negligent maintenance and repair of CN/IC's rail line incorporates Illinois law that purports to governs subject matter for which the Secretary has already promulgated safety regulations. If the answer is yes, pre-emption applies and summary judgment for CN/IC is appropriate. If the answer is no, pre-emption does not apply and the Court must turn to CN/IC's second contention that Plaintiff has submitted insufficient evidence to convince a reasonable jury that CN/IC was negligent in its maintenance and repair of its rail line.

  In support of his negligence claim, Plaintiff avers generally that CN/IC failed to maintain the railroad track as required by its common law duty in Illinois to provide reasonably safe track

for Amtrak to run its trains.  The Secretary has, however, adopted numerous regulations covering the safety of railroad tracks by outlining the proper size, alignment, curvature, elevation, and maintenance of the tracks and their components. <u>See, e.g.</u>, 49 C.F.R. § 213.53 (prescribing track gage and maintenance); §213.55 (prescribing track alignment); §213.57 (prescribing track curvature and maintenance); §213.59 (prescribing track curve elevation and maintenance); §213.63 (prescribing track surface and maintenance); §213.103 (prescribing ballast maintenance); §213.109 (prescribing crossties maintenance); §213.113 (directing repair and replacement of defective tracks); §213.115 (prescribing rail mismatch limits); §213.121 (prescribing rail joint design and maintenance); and §213.123 (mandating the proper use of tie plates under timber crossties).  The foregoing regulations cumulatively and comprehensively address the subject matter of track maintenance and repair.  The Court also notes that Plaintiff has made no attempt – in his response to CN/IC's motion for summary judgment – to refute the case law establishing the pre-emptive effect of the Secretary's regulations over state laws covering the same subject matter.  Because the Secretary's regulations directly address the same subject matter that Plaintiff's state law negligence claim addresses, relevant case law deems that Plaintiff's negligence claim is pre-empted by the regulations. <u>See, e.g.</u>, <u>Easterwood</u>, <u>supra</u>, at 664; <u>Thiele</u>, <u>supra</u>, at 182; <u>In re Derailment Cases</u>, <u>supra</u>, at 794 (8th Cir. 2005) ("It is clear that the FRA's regulations are intended to prevent negligent inspection ... Further, there is no indication that the FRA meant to leave open a state tort cause of action to deter negligent inspection."); <u>Federal Ins. Co.</u>, <u>supra</u>, at 1188.  Accordingly, CN/IC is entitled to summary judgment on the negligence claim alleging a failure to maintain its track.

Moreover, although the Court need not reach the question of whether Plaintiff has

submitted too little evidence for the negligence claim to survive summary judgment, the Court nonetheless finds that the proffered testimony of passengers who experienced lurching while riding on CN/IC's rail line is insufficient evidence for maintaining the negligence claim at the summary judgment stage.  More specifically, the Court finds that passenger testimony as to the geographic location of the train at the time of the alleged lurch as well as passenger testimony as to the incidence of similar lurches at that location would not alone persuade a jury to reasonably conclude that CN/IC failed to properly maintain its rail line.  A jury could not reasonably (or feasibly) find negligent track maintenance solely on the basis of testimony from passengers who experienced lurching at a certain location, but who nonetheless lack any specific knowledge of CN/IC's historical maintenance of its rail line and/or expert knowledge of general rail line maintenance.  Consequently, summary judgment would be proper even in the absence of pre-emption. See Maroules v. Jumbo, Inc., 452 F.3d 639, 645 (7th Cir. 2006) ("Federal courts may ... grant summary judgment under Rule 56 upon concluding that no reasonable jury could return a verdict for the party opposing the motion[.]").

## CONCLUSION

For the reasons set forth above, CN/IC's August 9, 2006 Motion for Summary Judgment (Doc. 57) is **GRANTED** and the negligence claim against CN/IC is **DISMISSED on the merits**.

**DATED: November 29, 2006**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**